**In re PETITION FOR DISCIPLINARY ACTION AGAINST Deno Walter BERNDT, a Minnesota Attorney, Registration No. 215636.**

No. A05–2414.

Supreme Court of Minnesota.

Aug. 1, 2006.

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Deno Walter Berndt committed professional misconduct warranting public discipline, namely, neglect of client matters and misrepresentations to clients to conceal his neglect of those matters, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 3.2, 4.1, and 8.4(c).

As provided in Rule 14(a), Rules on Lawyers Professional Responsibility

(RLPR), the matter was referred to a referee with directions to hear the evidence submitted for and against the petition for disciplinary action, then to make and report his findings of fact and recommendations for discipline. The referee concluded that respondent's actions violated the Rules of Professional Conduct, but found that respondent had shown, by clear and convincing evidence, that his misconduct was mitigated by his alcoholism. Respondent stipulates the referee's findings of fact and conclusions of law are conclusive, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for a period of 90 days, with reinstatement only after the hearing required by Rule 18, RLPR, suspension to be stayed on condition that respondent be publicly reprimanded and placed on supervised probation for a period of two years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date of the stipulation, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with the terms of this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Respondent shall maintain total abstinence from alcohol and other mood-

altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

(g) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, that provides the name, address and telephone number of the person personally verifying respondent's attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor or, until a supervisor is appointed, to the Director.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Deno Walter Berndt is suspended from the practice of law for 90 days with reinstatement as provided in Rule 18(a)—(d), RLPR. Respondent's suspension is hereby stayed on condition that respondent is publicly reprimanded and placed on two years' supervised probation, subject to the conditions set forth above.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice